Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>JAMES RANDALL KILLMAN,<br><br>and<br><br>LINDA LEE KILLMAN,<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2:10-BK-07848-SSC<br><br>**TRUSTEE'S RECOMMENDATION ON FIRST AMENDED PLAN** |

The Trustee has reviewed the Amended Plan filed 12/15/10, Schedules, and Statement of Financial Affairs. Trustee notes the following problems, which must be resolved before recommending confirmation of the Plan:

(1) HSBC Bank Nevada filed an objection to the original Plan. Even through the Amended Plan revises the treatment of their claim, their original objection is deemed to apply to the Amended Plan as well, pursuant to 11 U.S.C. § 1323(c), since they have not withdrawn the previous objection. The Trustee will require that any proposed order confirming plan include an approval signature form the objecting creditor's counsel.

(2) The Trustee requires a written statement as to whether the Debtors are still separated. Debtors have filed two Schedule J(s), however, the Debtors' share the same address according to the Court docket.

(3) Trustee requests a copy of the 2010 federal and state income tax returns, along with all attachments, forms, schedules and statements. Debtors must turnover their 2010 tax refunds to be applied as supplemental payments to the Plan for the benefit of priority and non-priority unsecured claims.

(4) The attorney's Rule 2016(b) Statement discloses a prepetition payment of attorney fees from the Debtor(s), yet the Statement of Financial Affairs # 9 has no disclosure of the payment. The Statement of Financial Affairs # 9 must be amended.

(5) Form B22C requires Debtors to pay $13,867.80 to non-priority unsecured creditors whereas the Plan proposes to pay $8,300.54. Additional Plan yield is required. To resolve this issue, the Trustee requires that the order confirming plan provide for the turnover of tax returns and refunds for 2011, 2012, and 2013, to be applied as supplemental payment to the Plan for the benefit of non-priority unsecured creditors.

(6) Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

- 2 -

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at http://www.maney13trustee.com/mcforms2.htm.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2010 - 2013 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

**Plan Payment Status:** The Debtors' interim payments of $105.00 are current through February 2011. Subsequent payments are due on the 21st day of each following month. The Trustee reminds the Debtors that they may access case information from the Trustee's office, such as plan payments received, by going to www.13datacenter.com. Then, under the Debtor section, click 'Click Here to get started' and follow the instructions. Also, a debtor may get email notification of docket events by filling out the Bankruptcy Court's Debtor Email Registration Form. The form is available on the Court's website at www.azb.uscourts.gov and then going to Forms and Publications.

**SUMMARY:** Pursuant to Local Rule 2084-10, **by April 7, 2011**, Debtors are to resolve all of the above issues and provide the Trustee a proposed order confirming plan, or the Trustee will lodge a dismissal order. **The Court may dismiss the case without further notice for the Debtors' failure to timely comply with the Trustee's Recommendation.**

Russell Brown, Chapter 13 Trustee

| | |
|---|---|
| 1 | A copy of this document was mailed or emailed on the date signed below to: |
| 2 | |
| 3 | James Randall Killman |
| | Linda Lee Killman |
| 4 | 13816 South Kiva Road |
| | Buckeye, AZ 85326 |
| 5 | Debtors |
| 6 | |
| | Thomas C. Nickel |
| 7 | FAITH, LEDYARD & NICHOLS, PLC |
| | tnickel@faithlaw.com |
| 8 | Attorney for Debtors |
| 9 | |
| 10 | _____ |
| | vfrost@ch13bk.com |

- 4 -